### ARONSON v. NEW YORK TAXICAB CO.

(Supreme Court, Appellate Term.   November 22, 1910.)

1. MUNICIPAL CORPORATIONS (§ 706*) — COLLISIONS BETWEEN VEHICLES — QUESTIONS FOR JURY.

In an action for injuries in a collision between plaintiff's vehicle and defendant's taxicab, where the evidence as to the collision was conflicting, the question was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig, § 706.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DAMAGES (§ 185\*)—PERSONAL INJURIES—EVIDENCE.

    In an action for personal injuries, where plaintiff's doctor was not called, nor his absence explained, and the alleged injuries were not shown, and it did not appear that because of such injuries plaintiff was prevented from attending to his business during the time he laid off, but the jury were allowed to speculate as to what caused the injury, and also as to the damages, a judgment for plaintiff will not be sustained.

    [Ed. Note.—For other cases, see Damages, Dec. Dig. § 185.\*]

    Appeal from Municipal Court, Borough of Manhattan, Second District.

    Action by Jacob Aronson against the New York Taxicab Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

    Argued before SEABURY, PAGE, and BIJUR, JJ.

    Douglas McKee (Harry H. Altman, of counsel), for appellant.

    Isidore Hershfield (Nicholas A. Heymsfeld, of counsel), for respondent.

    PAGE, J. This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's taxicab coming into collision with a wagon driven by the plaintiff. Plaintiff alone testified to the fact that the defendant's cab struck his wagon in the rear. On cross-examination, however, he admitted that he was looking forward and did not see it, and said: "I have no eyes behind."

    The testimony of the plaintiff's witnesses is contradictory and unsatisfactory. That, however, was for the jury to consider, and we do not decide the case on the weight to be given to the testimony. So far as the alleged injury is concerned, there was a jolt, plaintiff fell out of his wagon, and defendant's cab was in the vicinity. Plaintiff testified that his arm and side were hurt, and that he went to see a doctor, giving the address, but not the name. (His counsel, however, suggested the name.) The doctor was not called, nor was his absence explained. The injuries were not shown, nor was it shown that plaintiff was, because of those injuries, prevented from attending to his business for the three weeks he laid off. The jury, therefore, were allowed to speculate as to what caused the injury, and also as to the damages.

    The defendant called no witnesses, but rested upon its motion to dismiss. Plaintiff's counsel, in summing up to the jury, commented on the failure to call the defendant's chauffeur. The court then said:

    "Counsel has referred to the absence of the chauffeur. I instruct counsel to eliminate that statement, and direct the jury to disregard it."

    The plaintiff's counsel—

    "objects and takes an exception. Counsel asks the right to tell the jury they have a right to infer, from the absence of the chauffeur (his unexplained absence), that the testimony of the chauffeur, if he were here, would be unfavorable to the defendant."

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The deliberate repetition of this statement, after he had been directed by the court to eliminate it from his remarks, should be condemned.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.